**Freeman A. DOUCET, Jr., Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 03–3080.

United States Court of Appeals, Federal Circuit.

DECIDED: April 14, 2003.

Petitioner Freeman A. Doucet, Jr. appeals the final decision of the Merit Systems Protection Board (Board), *Freeman A. Doucet, Jr. v. Department of the Navy,* Docket No. DC–0752–02–0477–I–1, 93 M.S.P.R. 301 (September 27, 2002), which dismissed Mr. Doucet's petition for review of the July 16, 2002 initial decision of the administrative judge. The initial decision dismissed Mr. Doucet's appeal because of the settlement agreement reached between the parties. Because Mr. Doucet knowingly and voluntarily entered into the settlement agreement and does not contest its validity, this court *affirms.*

## BACKGROUND

Mr. Doucet was employed as a Military Pay Technician, GS–05, at Camp LeJune, North Carolina under the Personnel Support Activity, Jacksonville, Florida, Department of the Navy (Agency). Based on alleged sexual misconduct, Mr. Doucet was placed on administrative leave on November 8, 2001. After an investigation, LT P.B. Caoile issued a "Proposed Notice of Removal" on February 1, 2002. On March 27, 2002, LT P.B. Caoile issued a "Notice of Removal" after weighing Mr. Doucet's thirteen years of federal service and three years of successful performance ratings against the seriousness of Mr. Doucet's offense, which was the third offense involving sexual misconduct within a one-year period. LT P.B. Caoile determined that Mr. Doucet's return to work at Camp Le-Jeune would be detrimental to team work, morale, and ultimately to unit mission readiness. Mr. Doucet was effectively terminated from Government service on April 6, 2002.

Mr. Doucet appealed his termination to the Board. Following the filing of the appeal, the Agency and Mr. Doucet entered into a settlement agreement dated July 15, 2002. Under the terms of the settlement agreement, the administrative judge issued the initial decision dismissing Mr. Doucet's appeal. The settlement agreement states that "[t]he Agency and [Mr. Doucet] ... voluntarily enter into this settlement agreement ... in full and final settlement of [Mr. Doucet's] MSPB appeal." The settlement agreement also states that the parties "agree to fully comply with its terms and conditions."

The terms and conditions of the settlement agreement provide that "[t]he Agency will cancel the notice of removal dated 06 April 2002," and that Mr. Doucet "will, instead, voluntarily resign effective 06 April 2002," which Mr. Doucet did. The terms and conditions also require Mr. Doucet to "withdraw this MSPB appeal Docket # DC–0752–02–0477–I–1 (with prejudice)" and "not pursue employment with the Personnel Support Activity, Jacksonville, Florida." Mr. Doucet expressly agreed, within the terms of the settlement agreement, "not to file any other complaints, grievances or appeals against the Agency as to any matter occurring before the date of this settlement." Finally, Mr. Doucet "expressly waive[d] any and all claims for backpay" and other damages. Just above Mr. Doucet's signature, affixed on July 12, 2002, the settlement agreement states:

> I, Freeman A. Doucet, Jr., have reviewed and understand the terms of the SETTLEMENT AGREEMENT set forth above. I have had the opportunity to discuss this agreement with my attorney.... I make this decision freely and voluntarily without coercion from anyone.... Pursuant to the terms set forth above, I hereby request that the Board accept my withdrawal of this appeal and make this herein SETTLEMENT AGREEMENT a part of the Board's record for purposes of enforcement/compliance.

In an Order dated August 8, 2002 from the United States District Court for the Eastern District of North Carolina, Southern Division, Mr. Doucet was acquitted of sexual harassment charges. Notwithstanding his agreement to the contrary, Mr. Doucet appealed the initial decision of the administrative judge to the Board. The Board reviewed the record and the administrative judge's finding that the settlement agreement "is lawful on its face, and appears to have been freely and voluntarily entered into by the parties." The Board concluded that there was no new, previously unavailable evidence and that the administrative judge made no error in law that affects the outcome, citing 5

C.F.R. § 1201.115(d) (2003). Consequently, the Board denied Mr. Doucet's appeal, making the initial decision of the administrative judge final pursuant to 5 C.F.R. § 1201.113. This appeal followed.

## DISCUSSION

This court must affirm any agency action, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2003); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

Mr. Doucet argues that substantial evidence does not support the Board's decision because it failed to consider the district court order acquitting him of sexual harassment charges. However, Mr. Doucet makes no claim that the settlement agreement, which the Board's decision was based on, was illegal or otherwise invalid. Rather, Mr. Doucet argues that his acquittal of sexual harassment charges based on the same misconduct alleged in this removal action somehow require his reinstatement.

This court disagrees with Mr. Doucet's perception of this case. Mr. Doucet's removal was based on inappropriate sexual misconduct with a coworker. It had nothing to do with the fact that criminal charges were brought against him for that same conduct. This action and Mr. Doucet's criminal case are completely separate matters. Mr. Doucet signed an agreement to dismiss this appeal and promised to not seek employment with the Agency in the future. Amazingly, Mr. Doucet now continues to prosecute his appeal in direct opposition to his agreement without even an allegation that the settlement agreement he knowingly and voluntarily signed is invalid.

This court finds that Mr. Doucet's acquittal is completely irrelevant to the disposition of this appeal. The evidence of record, particularly the undisputed terms of the settlement agreement, clearly show that the initial decision of the administrative judge was made pursuant to the desires of both parties. The Board correctly found that there was no new, previously unavailable, evidence because only evidence that the settlement agreement was invalid could have any effect on the initial decision. Mr. Doucet clearly has no evidence to that effect.

Therefore, the Board's decision affirming the initial decision without regard to Mr. Doucet's acquittal was not arbitrary or capricious, an abuse of discretion, otherwise not in accordance with the law, or obtained without the procedure required by law, rule, or regulation. Accordingly, this court finds that the Board's final decision is supported by substantial evidence. The final decision of the Board is affirmed. Mr. Doucet's appeal is dismissed.